IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNDANCE SERVICES, INC.,

    Plaintiff,

vs.                                                         Civ. No.  10-110 JP/CEG

DONNA ROACH, KELLY ROACH,
MICHAEL PATTERSON,
A.R. CONSTRUCTION,
ANTHONY PENDER,
TERRY GARCIA, JOANN PENDER,
SYLVANNA VELASQUEZ
a/k/a SYLVANNA TRUJILLO,
DARIO VELASQUEZ,
RICHARD VELASQUEZ, JR.,
RICHARD VELASQUEZ, SR.,
SYLVIA VELASQUEZ,
KATY VELASQUEZ,
RICHARD SHORT, MAX VELASQUEZ,
ARMANDO RAMOS
a/k/a ARMONDO RAMOS,
and DOUBLE T FASHIONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On March 23, 2010, Defendant Dario Velasquez filed a Motion to Set Aside Clerk's Entry of Default as to Defendant Dario Velasquez (Doc. No. 42)(Motion to Set Aside). Having reviewed the briefs[1] and relevant law, the Court concludes that the Motion to Set Aside should be denied and that a hearing should be set to determine the amount of damages to be assessed against Defendant Dario Velasquez. Additionally, the Court determines that Defendant Dario Velasquez's attorney, Glen Houston, must file an entry of appearance in this Court by May 27, 2010.

---

      [1]Defendant Dario Velasquez did not file a reply brief. *See* Notice of Completion of Briefing (Doc. No. 55), filed April 23, 2010.

*A. Procedural Background*

On February 9, 2010, Plaintiff filed a Complaint for Civil RICO Violations, Fraud, Fraudulent Misrepresentation, Conversion, Constructive Trust, Restitution, and Accounting (Doc. No. 1)(Complaint).  The Complaint named Dario Velasquez as a Defendant.  *Id*.  On the next day, February 10, 2010, summonses were issued as to all of the Defendants.  Defendant Dario Velasquez was served with a summons and Complaint on February 23, 2010.  Returned and Executed Summons (Doc. No. 23), filed March 5, 2010.  Defendant Dario Velasquez, therefore, had until March 16, 2010 to serve and file an answer or to serve and file a motion to dismiss the Complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i)("A defendant must serve an answer: within 21 days after being served with the summons and complaint...."); Rule 12(b)(6)("A motion asserting any of [the defenses listed under Rule 12(b)(6)] must be made before pleading if a responsive pleading is allowed.").

Defendant Dario Velasquez did not serve and file an answer or any kind of motion to dismiss by March 16, 2010.  Consequently, on March 17, 2010, Plaintiff filed both Plaintiff's Request for Entry of Default (Doc. No. 31) and Plaintiff's Motion for Default Judgment Against Defendant Dario Velasquez (Doc. No. 32).   On March 18, 2010, the Clerk of the Court granted Plaintiff's Request for Entry of Default and entered a Clerk's Entry of Default (Doc. No. 33) against Defendant Dario Velasquez.  Then, on March 23, 2010, Defendant Dario Velasquez belatedly served and filed an answer (Doc. No. 36) to the Complaint.[2]  Shortly thereafter, on the

---

[2]This answer was filed by Attorney Glen Houston on behalf of Defendant Dario Velasquez.  The Court notes that Mr. Houston has not entered an appearance in this case in violation of D.N.M. LR-Cv 83.4(a).  If Defendant Dario Velasquez wishes for Mr. Houston to continue to represent him in this matter, Mr. Houston must file an entry of appearance in accordance with Local Rule 83.4(a) by May 27, 2010 or else risk having future filings stricken for failure to comply with that Local Rule.

same day, the Court granted Plaintiff's Motion for Default Judgment Against Defendant Dario Velasquez and entered a Default Judgment as to Liability of Defendant Dario Velasquez (Doc. No. 40)(Default Judgment). Within an hour of the entry of the Default Judgment, Defendant Dario Velasquez filed the Motion to Set Aside.

*B. Discussion*

Defendant Dario Velasquez argues that the Clerk's Entry of Default should be set aside for the following reasons:

> 1. Attorney C. Barry Crutchfield[, an attorney representing other Defendants in this case,] had been contacted by two defendants, and these parties mistakenly understood that he was arranging sufficient time for them to secure counsel to answer the 99 page complaint; thus, the default judgment was permitted to be taken in inadvertence, mistake and excusable neglect. These parties have a valid defense to the complaint, and should be allowed to answer and defend this matter on the merits.

Motion to Set Aside at 1-2. Defendant Dario Velasquez also requests that the Court accept his answer as timely filed.[3]

Plaintiff argues that Defendant Dario Velasquez has not shown that his failure to answer the Complaint in a timely manner was a result of "inadvertence, mistake and excusable neglect." Plaintiff, therefore, concludes that the Motion to Set Aside cannot be granted under either Fed. R. Civ. P. 55(c), 60(b)(1), or 60(b)(6).

*1. Failure to Cite to Legal Authority and to Submit Evidence*

As a preliminary matter, the Court observes that Defendant Dario Velasquez does not cite to any legal authority to support his Motion to Set Aside nor does he provide any evidence to support his factual allegations. *See* D.N.M. LR-Cv 7.3(a)("A motion ... must cite authority in support of the legal positions advanced."); D.N.M. LR-Cv 7.3(b)("Movant must submit

---

[3] "[T]he court may, for good cause, extend the time: ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact."). This failure to cite to legal authority or to submit any evidence provides a sufficient basis by itself to deny the Motion to Set Aside. The Court will, however, in the interest of justice, address the merits of the Motion to Set Aside.

*2. Rule 55(c)*

The Plaintiff argues first that Rule 55(c) does not support setting aside the entry of default. Because courts disfavor default judgments, courts have discretion under Rule 55(c) to "set aside an entry of default for good cause, and [to] set aside a default judgment under Rule 60(b)." *See Pinson v. Equifax Credit Information Services, Inc.*, 316 Fed. Appx. 744, 750 (10th Cir. 2009)(unpublished decision)(the Tenth Circuit "review[s] a district court's decision to set aside an entry of default for an abuse of discretion."); *Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988)(courts disfavor default judgments). "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside an entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). Important and relevant factors for the court to consider in deciding whether to set aside an entry of default under Rule 55(c) are "'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson*, 316 Fed. Appx. at 750 (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)(quotation omitted)). These factors, however, are by no means exclusive, and the court does not have to consider all of the factors in making its decision under Rule 55(c). *Hunt v. Ford Motor Co.*, 1995 WL 523646 *3 (10th Cir.)(unpublished decision).

The only reason Defendant Dario Velasquez provides for setting aside the entry of default is that two unnamed Defendants contacted Mr. Crutchfield, another defense attorney,

4

who purportedly led those two unnamed Defendants to understand "that he was arranging sufficient time for them to secure counsel to answer the 99 page complaint...." Motion to Set Aside at 1-2. Interestingly, Defendant Dario Velasquez fails to indicate by affidavit or otherwise that he was one of the two unnamed Defendants who contacted Mr. Crutchfield or that one or both of the two unnamed Defendants communicated to him that Mr. Crutchfield was getting an extension of time for him to answer the Complaint. Nothing in Defendant Dario Velasquez's argument for setting aside the entry of default demonstrates that the circumstances somehow prevented him from filing a timely answer or that setting aside the entry of default would not prejudice the Plaintiff or that he might even have a meritorious defense. The vagueness of Defendant Dario Velasquez's explanation for his failure to timely serve and file an answer does not amount to "good cause" and, therefore, cannot support relief under Rule 55(c). Furthermore, if Defendant Dario Velasquez cannot meet the more lenient "good cause" standard, he, likewise, cannot meet the Rule 60(b) standard for "excusable neglect." *See Dennis Garberg & Assocs., Inc.*, 115 F.3d at 775 n.6. Even so, for the sake of completeness, the Court will discuss the Motion to Set Aside under both Rule 60(b)(1) and Rule 60(b)(6).

    *3. Rule 60(b)*

It is well-established that "Rule 60(b) relief is only appropriate under extraordinary circumstances." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994)(citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)). "The burden is upon the party moving to have the judgment set aside" but the court resolves all doubts in favor of the movant. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990); *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983). Although default judgments are not favored, "a workable system of justice requires that litigants not be free to appear at their pleasure." *Cessna*, 715 F.2d at 1444.

Consequently, in the context of a motion to set aside a default judgment, the movant must show that there is a meritorious defense in addition to the reasons listed under Rules 60(b)(1) and 60(b)(6) for setting aside a judgment. *Pelican Production Corp.*, 893 F.2d at 1147 n.5. The movant, however, "cannot rely on conclusory statements" in demonstrating that there is a meritorious defense. *Barta v. Long*, 670 F.2d 907, 909 (10th Cir. 1982). Moreover, the Court examines "the legal sufficiency of the [factual] allegations made in the moving papers rather than their truth" in determining if the movant's defense would be meritorious. *In re Stone*, 588 F.2d 1316, 1319-20 (10th Cir. 1978).

      *a. Rule 60(b)(1)*

Rule 60(b)(1) specifically provides that a court has substantial discretion to "relieve a party from a final judgment" if there has been a "mistake, inadvertence, surprise, or excusable neglect...." *See Pelican Production Corp.*, 893 F.2d at 1146 (trial court has "substantial discretion in connection with a Rule 60(b) motion."). In analyzing a Rule 60(b)(1) motion, the court focuses on whether the moving party engaged in excusable conduct which led to the adverse final judgment. *Pelican Production Corp.*, 893 F.2d at 1146. Mere "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Id.* In addition, "[f]ailure to seek advice of counsel does not constitute excusable neglect" and "relying on someone other than [movants'] own counsel to represent their interests in the court" does not amount to excusable conduct. *Cessna*, 715 F.2d at 1446; *United States v. $310,659.56 in U.S. Currency*, 1996 WL 437395 *1 (10th Cir.). Also, "'[i]gnorance of the rules is not enough, nor is ignorance of the law.'" *White v. Cassey*, 1994 WL 395902 *2 (10th Cir.)(quoting 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §2858 at 170 (1973)). If a defendant fails to show mistake, inadvertence, surprise, or excusable neglect, the court need not

6

consider the merits of the movant's defense. *Otoe County Nat. Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 884 (10th Cir. 1985).

In resolving all doubts in favor of Defendant Dario Velasquez, the Court assumes that Defendant Dario Velasquez was probably unaware that the Federal Rules of Civil Procedure require the serving and filing of a timely answer. In further resolving all doubts in favor of Defendant Dario Velasquez, the Court construes the Motion to Set Asides as follows: Defendant Dario Velasquez is entitled to Rule 60(b) relief because two other unnamed Defendants contacted Mr. Crutchfield and Mr. Crutchfield misled those two unnamed Defendants into believing they were obtaining an extension of time to retain counsel and to answer the Complaint. Again, Defendant Dario Velasquez does not contend or show that he was one of those two unnamed Defendants or that he was told by anyone that Mr. Crutchfield would get an extension of time for him to file an answer. If Defendant Dario Velasquez did not speak with Mr. Crutchfield and was not told by anyone that Mr. Crutchfield would obtain an extension of time for him to answer the Complaint, Defendant Dario Velasquez was simply careless when, after being served with a summons and Complaint, he did not seek counsel to determine how to defend against this litigation. As discussed above, ignorance of the rules or law, carelessness, and failure to seek advice of counsel are not grounds for granting extraordinary relief under Rule 60(b)(1). If, on the other hand, the Court assumes Defendant Dario Velasquez spoke with Mr. Crutchfield, the Court concludes that Defendant Dario Velasquez is still not entitled to Rule 60(b)(1) relief because reliance on another Defendant's counsel does not constitute excusable conduct. In sum, Defendant Dario Velasquez has failed to carry his burden of demonstrating

mistake, inadvertence or excusable neglect under Rule 60(b)(1).[4]

   *b. Rule 60(b)(6)*

A court can also set aside an entry of default under Rule 60(b)(6) for "any other reason that justifies relief." "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)(citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)). "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Id.* at 580 (citing *Pelican Production Corp.*, 893 F.2d at 1147). An extraordinary circumstance justifying Rule 60(b)(6) relief, for example, exists "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Id.* at 579 (citations omitted). "'[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.'" *Id.* at 580 (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2864, p. 359). Like Rule 60(b)(1), "relying on someone other than [movants'] own counsel to represent their interests in the court" does not justify Rule 60(b)(6) relief. *$310,659.56 in U.S. Currency*, 1996 WL 437395 at *1.

Having resolved all doubts in favor of Defendant Dario Velasquez, the Court is still not convinced that Defendant Dario Velasquez has demonstrated that the circumstances he alleged

---

[4]Because Defendant Dario Velasquez has not shown that the Rule 60(b)(1) reasons for setting aside a judgment apply to him, the Court need not decide if Defendant Dario Velasquez has a meritorious defense. Nevertheless, the Court observes that Defendant Dario Velasquez has not presented any argument or any evidence that he actually has a meritorious defense.

occurred were so "unusual or compelling" or offensive to justice as to warrant Rule 60(b)(6) relief. As already indicated, Defendant Dario Velasquez's reason for requesting the Court to set aside the entry of default is vague and is not supported by any evidence. Moreover, Defendant Dario Velasquez has failed to show that events not contemplated by him somehow prevented him from filing a timely answer. In fact, Defendant Dario Velasquez was properly served with a summons and Complaint, and deliberately chose not to file an answer until after the Clerk filed the entry of default. Defendant Dario Velasquez was "under a duty to take legal steps to protect his own interests" by serving and filing a timely answer. *See Cashner*, 98 F.3d at 580. In addition, assuming Defendant Dario Velasquez relied on someone other than his own counsel in deciding not to timely answer the Complaint, the Court finds that reliance is not a proper basis for extraordinary relief under Rule 60(b)(6). Defendant Dario Velasquez has, therefore, failed to show that he is entitled to any relief under Rule 60(b)(6). Because Defendant Dario Velasquez has not demonstrated that Rules 55(c), 60(b)(1), or 60(b)(6) support his Motion to Set Aside, the Court will deny the Motion to Set Aside and will set a hearing to determine what amount of damages to assess against Defendant Dario Velasquez.[5]

IT IS ORDERED that:

1. Attorney Glen Houston must file an entry of appearance by May 27, 2010 on behalf of Defendant Dario Velasquez if Mr. Houston intends to continue to represent Defendant Dario Velasquez in this case;

2. the Motion to Set Aside Clerk's Entry of Default as to Defendant Dario Velasquez (Doc. No. 42) is denied;

---

[5] Since the Court will deny Defendant Dario Velasquez's request to set aside the entry of default, it is unnecessary for the Court to decide whether to extend Defendant Dario Velasquez's deadline for serving and filing his answer in order to make his answer timely.

3.  a hearing is set on June 3, 2010 at 11:00 a.m. in the Sixth Floor Courtroom of the United States Courthouse, 421 Gold Ave. SW, Albuquerque, New Mexico to determine the amount of damages to assess against Defendant Dario Velasquez.

_____
SENIOR UNITED STATES DISTRICT JUDGE