IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNDANCE SERVICES, INC.,

    Plaintiff,

vs.                                                           Civ. No.  10-110 JP/CEG

DONNA ROACH, KELLY ROACH,
MICHAEL PATTERSON,
A.R. CONSTRUCTION,
ANTHONY PENDER,
TERRY GARCIA, JOANN PENDER,
SYLVANNA VELASQUEZ
a/k/a SYLVANNA TRUJILLO,
DARIO VELASQUEZ,
RICHARD VELASQUEZ, JR.,
RICHARD VELASQUEZ, SR.,
SYLVIA VELASQUEZ,
KATY VELASQUEZ,
RICHARD SHORT, MAX VELASQUEZ,
ARMANDO RAMOS
a/k/a ARMONDO RAMOS,
and DOUBLE T FASHIONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On March 23, 2010, Defendants Sylvanna Velasquez; Richard Velasquez, Sr.; Richard Velasquez, Jr; Anthony Pender; Richard Short; Terry Garcia; Double T Fashions; Max Velasquez; and Katy Velasquez (Defendants) filed a Motion to Set Aside Default Judgment as to Liability of Defendants Sylvanna Velasquez, Richard Velasquez, Sr., Richard Velasquez, Jr, Anthony Pender, Richard Short, Terry Garcia, Double T Fashions, Max Velasquez and Katy Velasquez (Doc. No. 43)(Motion to Set Aside).  Having reviewed the briefs[1] and relevant law,

---

[1] Defendants did not file a reply brief.  *See* Notice of Completion of Briefing (Doc. No. 56), filed April 23, 2010.

the Court concludes that the Motion to Set Aside should be denied and that a hearing should be set to determine the amount of damages to be assessed against Defendants.  The Court further determines that Defendants' attorney, Glen Houston, must file an entry of appearance in this Court by May 27, 2010.

*A.  Procedural Background*

On February 9, 2010, Plaintiff filed a Complaint for Civil RICO Violations, Fraud, Fraudulent Misrepresentation, Conversion, Constructive Trust, Restitution, and Accounting (Doc. No. 1)(Complaint).  On the next day, February 10, 2010, summonses were issued as to all of the Defendants.  The Defendants were each served with a summons and Complaint on February 16, 2010.  Returned and Executed Summonses (Doc. Nos. 8, 9, 10, 13, 14, 15, 16, 18, and 19).   Defendants, therefore, had until March 9, 2010 to serve and file an answer to the Complaint or to serve and file a motion to dismiss the Complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i)("A defendant must serve an answer: within 21 days after being served with the summons and complaint...."); Rule 12(b)(6)("A motion asserting any of [the defenses listed under Rule 12(b)(6)] must be made before pleading if a responsive pleading is allowed.").

Defendants did not serve and file answers or any motions to dismiss by March 9, 2010. Consequently, on March 11, 2010, Plaintiff filed Plaintiff's Request for Entry of Default (Doc. No. 26) and Plaintiff's Motion for Default Judgment Against Defendants Sylvanna Velasquez, Richard Velasquez, Sr., Richard Velasquez, Jr, Anthony Pender, Richard Short, Terry Garcia, Double T Fashions, Max Velasquez and Katy Velasquez (Doc. No. 27)(Motion for Default Judgment).  On March 12, 2010, the Clerk of the Court granted Plaintiff's Request for Entry of Default and entered a Clerk's Entry of Default (Doc. No. 28) against Defendants.  On March 15, 2010, the Court granted the Motion for Default Judgment and entered a Default Judgment as to

the Liability of Defendants Sylvanna Velasquez, Richard Velasquez, Sr., Richard Velasquez, Jr, Anthony Pender, Richard Short, Terry Garcia, Double T Fashions, Max Velasquez and Katy Velasquez (Doc. No. 30)(Default Judgment). Defendants filed the Motion to Set Aside within an hour and a half of the entry of the Default Judgment. Then, on March 23, 2010, Defendant Richard Velasquez, Sr. belatedly served and filed an answer (Doc. No. 37) to the Complaint.[2]

*B. Discussion*

Defendants argue that the Default Judgment should be set aside for the following reasons:

> 5. Attorney C. Barry Crutchfield[, an attorney representing other Defendants in this case,] had been contacted by two defendants, and these parties mistakenly understood that he was arranging sufficient time for them to secure counsel to answer the 99 page complaint; thus, the default judgment was permitted to be taken in inadvertence, mistake and excusable neglect. These parties have a valid defense to the complaint, and should be allowed to answer and defend this matter on the merits.

Motion to Set Aside at 2.[3] Defendants further contend that default judgments are disfavored and that Fed. R. Civ. P. 60(b)(6) provides relief from final judgments in order to accomplish justice. Defendants also request that the Court grant them a reasonable time to answer the Complaint.[4]

---

[2] This answer was filed by Attorney Glen Houston on behalf of Defendant Richard Velasquez, Sr. Mr. Houston also filed the Motion to Set Aside on behalf of the Defendants. The Court notes that Mr. Houston has not entered an appearance in this case in violation of D.N.M. LR-Cv 83.4(a). If Defendants want Mr. Houston to continue to represent them in this matter, Mr. Houston must file an entry of appearance by May 27, 2010, in accordance with Local Rule 83.4(a), or else risk having future filings stricken for failure to comply with that Local Rule.

[3] The Court observes that Defendants have not provided any evidence to support their factual allegations. *See* D.N.M. LR-Cv 7.3(b)("Movant must submit evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact.").

[4] The Court notes that Defendant Richard Velasquez, Sr. has already answered the Complaint, albeit in an untimely manner. Nonetheless, "the court may, for good cause, extend the time: ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff argues that Defendants have not shown that their failure to answer the Complaint in a timely manner or at all was a result of "inadvertence, mistake and excusable neglect." Hence, Plaintiff maintains that Defendants have provided no basis for granting the Motion to Set Aside under either Fed. R. Civ. P. 60(b)(1) or 60(b)(6).

It is well-established that "Rule 60(b) relief is only appropriate under extraordinary circumstances." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994)(citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)). "The burden is upon the party moving to have the judgment set aside" but the court resolves all doubts in favor of the movant. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990); *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983). Although default judgments are not favored, "a workable system of justice requires that litigants not be free to appear at their pleasure." *Cessna*, 715 F.2d at 1444. Hence, in the context of a motion to set aside a default judgment, the movant must show that there is a meritorious defense in addition to the reasons listed under Rules 60(b)(1) and 60(b)(6) for setting aside a judgment. *Pelican Production Corp.*, 893 F.2d at 1147 n.5. The movant, however, "cannot rely on conclusory statements" in demonstrating that there is a meritorious defense. *Barta v. Long*, 670 F.2d 907, 909 (10th Cir. 1982). Moreover, the Court examines "the legal sufficiency of the [factual] allegations made in the moving papers rather than their truth" in determining if the movant's defense would be meritorious. *In re Stone*, 588 F.2d 1316, 1319-20 (10th Cir. 1978).

  *1. Rule 60(b)(1)*

Rule 60(b)(1) specifically provides that a court has substantial discretion to "relieve a party from a final judgment" if there has been a "mistake, inadvertence, surprise, or excusable

4

neglect...." *See Pelican Production Corp.*, 893 F.2d at 1146 (trial court has "substantial discretion in connection with a Rule 60(b) motion."). In analyzing a Rule 60(b)(1) motion, the court focuses on whether the moving party engaged in excusable conduct which led to the adverse final judgment. *Pelican Production Corp.*, 893 F.2d at 1146. Mere "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Id*. In addition, "[f]ailure to seek advice of counsel does not constitute excusable neglect" and "relying on someone other than [movants'] own counsel to represent their interests in the court" does not amount to excusable conduct. *Cessna*, 715 F.2d at 1446; *United States v. $310,659.56 in U.S. Currency*, 1996 WL 437395 *1 (10th Cir.). Also, "'[i]gnorance of the rules is not enough, nor is ignorance of the law.'" *White v. Cassey*, 1994 WL 395902 *2 (10th Cir.)(quoting 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §2858 at 170 (1973)). If a defendant fails to show mistake, inadvertence, surprise, or excusable neglect, the court need not consider the merits of the movant's defense. *Otoe County Nat. Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 884 (10th Cir. 1985).

The Defendants contend that the Default Judgment should be set aside due to mistake, inadvertence, and excusable neglect. In resolving all doubts in favor of Defendants, the Court assumes that Defendants were unaware that the Federal Rules of Civil Procedure require the serving and filing of a timely answer. Furthermore, in resolving all doubts in favor of Defendants, the Court construes the Motion to Set Aside as follows: Defendants are entitled to Rule 60(b) relief because two other unnamed Defendants contacted Mr. Crutchfield and Mr. Crutchfield misled those two other unnamed Defendants into believing they were obtaining an extension of time to retain counsel and to answer the Complaint. Defendants, however, do not identify the two unnamed Defendants and do not say if the two unnamed Defendants were any of

5

the Defendants who brought the Motion to Set Aside.  Additionally, Defendants fail to assert, let alone demonstrate, that anyone told them that Mr. Crutchfield would get them an extension of time to answer the Complaint.  If none of the Defendants spoke with Mr. Crutchfield and they were not told by anyone that Mr. Crutchfield would obtain an extension of time for them to answer the Complaint, Defendants were simply careless when, after having been served with summonses and Complaints, they did not seek counsel in order to determine how to proceed in this litigation as Defendants. As indicated above, ignorance of the rules or law, carelessness, and failure to seek advice of counsel are not grounds for granting extraordinary relief under Rule 60(b)(1).  If the Court assumes that any of the Defendants actually spoke with Mr. Crutchfield, Defendants are still not entitled to Rule 60(b)(1) relief because reliance on another Defendant's counsel does not constitute excusable conduct.  In sum, Defendants have failed to carry their burden of demonstrating mistake, inadvertence or excusable neglect under Rule 60(b)(1).[5]

   *2. Rule 60(b)(6)*

A court can set aside a judgment under Rule 60(b)(6) for "any other reason that justifies relief."  "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)(citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)).  "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief."  *Id*. at 580 (citing *Pelican Production Corp.*, 893 F.2d at 1147).  An extraordinary

---

[5]Because Defendants have not demonstrated that Rule 60(b)(1) reasons for setting aside a judgment apply, the Court need not decide if Defendants have a meritorious defense.  Even so, the Court observes that Defendants have has not presented any argument or any evidence that they have a meritorious defense.

circumstance justifying Rule 60(b)(6) relief, for example, exists "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Id*. at 579 (citations omitted). "'[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.'" *Id*. at 580 (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2864, p. 359). Like Rule 60(b)(1), "relying on someone other than [movants'] own counsel to represent their interests in the court" does not justify Rule 60(b)(6) relief. *$310,659.56 in U.S. Currency*, 1996 WL 437395 at *1.

     Here, even after resolving all doubts in Defendants' favor, the Court concludes that Defendants have simply failed to show that the circumstances which they alleged occurred were so "unusual or compelling" or offensive to justice as to warrant Rule 60(b)(6) relief. As already discussed, Defendants' reasons for requesting the Court to set aside the Default Judgment are vague and are not supported by any admissible evidence. Moreover, Defendants have failed to show that events not contemplated by them somehow prevented them from filing timely answers. In fact, Defendants were properly served with summonses and Complaints, and they deliberately chose not to file timely answers. Defendants were "under a duty to take legal steps to protect [their] own interests" by filing timely answers. *See Cashner*, 98 F.3d at 580. In addition, assuming Defendants relied on someone other than their own counsel in deciding not to answer the Complaint in a timely manner, the Court finds that reliance is not a proper basis for extraordinary relief under Rule 60(b)(6). Defendants have failed to show that they are entitled to any relief under Rule 60(b)(6). Because Defendants have not demonstrated that either Rule 60(b)(1) or Rule 60(b)(6) justify setting aside the Default Judgment, the Court will deny the

Motion to Set Aside and will set a hearing to determine what amount of damages to assess against Defendants.[6]

IT IS ORDERED that:

1. Attorney Glen Houston must file an entry appearance on behalf of Defendants by May 27, 2010 if he intends to continue to represent Defendants in this case;

2. the Motion to Set Aside Default Judgment as to Liability of Defendants Sylvanna Velasquez, Richard Velasquez, Sr., Richard Velasquez, Jr, Anthony Pender, Richard Short, Terry Garcia, Double T Fashions, Max Velasquez and Katy Velasquez (Doc. No. 43) is denied;

3. a hearing is set on June 3, 2010 at 11:00 a.m. in the Sixth Floor Courtroom of the United States Courthouse, 421 Gold Ave. SW, Albuquerque, New Mexico to determine the amount of damages to assess against Defendants.

*James A. Parker*

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Since the Court will deny Defendants' request to set aside the default judgment, it is unnecessary for the Court to decide whether to extend the Defendants' deadline for serving and filing answers.