IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNDANCE SERVICES, INC.,

    Plaintiff,

vs.                                                          Civ. No. 10-110 JP/CEG

DONNA ROACH, KELLY ROACH,
MICHAEL PATTERSON,
ANTHONY PENDER,
TERRY GARCIA, JOANN PENDER,
SYLVANNA VELASQUEZ, a/k/a
SYLVANNA TRUJILLO,
DARIO VELASQUEZ,
RICHARD VELASQUEZ, JR.,
RICHARD VELASQUEZ, SR.,
SYLVIA VELASQUEZ, KATY VELASQUEZ,
RICHARD SHORT, MAX VELAZQUEZ, and
DOUBLE T FASHIONS,

    Defendants.

And

DONNA ROACH and KELLY ROACH,

    Counterclaimants,

vs.

SUNDANCE SERVICES, INC.,

    Counterdefendant.

And

DONNA ROACH and KELLY ROACH,

    Third-Party Plaintiffs,

vs.

MOHAMED HANIF MUSSANI,
JOSEPH CARRILLO,
ANNABELLE CARRILLO, and
PERSEMPRE INVESTMENTS, LLC,

      Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

On September 23, 2010, Third-Party Defendants Joseph Carrillo and Annabelle Carrillo (the Carrillos) filed Joe M. Carrillo's and Anabel [sic] Carrillo's Motion to Dismiss Donna Roach and Kelly Roach's Third-Party Complaint (incorrectly labeled "Counterclaim") for Failure to State a Claim (Doc. No. 80) (Motion to Dismiss).[1]  Having reviewed the briefs and the relevant law, the Court determines that the Motion to Dismiss should be granted in part in that the Third Cause of Action of the Third-Party Complaint should be dismissed without prejudice, and that the Carrillos' request for an award of costs should be denied.  Moreover, the Roaches' request to amend the Third-Party Complaint should be denied at this time but without prejudice to the filing of a motion to amend the Third-Party Complaint which complies with the Federal Rules of Civil Procedure and the Local Rules of this United States District Court.

*A.  Relevant Background*

Third-Party Defendant Mohamed Hanif Mussani (Mussani) was a co-owner and then sole owner of Sundance Services, Inc. (Sundance), an oil field waste disposal plant located in Eunice, New Mexico.  Sundance employed Donna Roach as a secretary and employed Kelly Roach as a laborer.  In August 1998, Mussani fired the president of Sundance and promoted Donna Roach

---

[1] The Carrillos correctly note that Defendants Donna Roach and Kelly Roach (the Roaches) mislabeled their Third-Party Complaint as a "Counterclaim" in their Answer and Counterclaim (Doc. No. 69), filed June 28, 2010.  The Court, however, observes that the Roaches correctly brought "counterclaims" against Plaintiff and Counterdefendant Sundance Services, Inc. (Sundance).  *See id.*

to the position of president. Mussani also promoted Kelly Roach to a plant manager. The Roaches maintain that Mussani told them at that time that they were each owners of Sundance (Donna Roach owned 10% of Sundance and Kelly Roach owned 9% of Sundance). The Roaches allege that Mussani subsequently "directed his attorneys to draft an agreement which stipulated that the ownership interest held by [Donna and Kelly Roach] was 25% each. In September 2008, Mussani terminated ... Kelly Roach's employment with [Sundance] and [Donna] Roach subsequently resigned." Answer and Counterclaim at ¶207.

The Roaches allege that prior to these adverse employment actions Mussani arrived in Eunice in June 2008 for an extended visit. According to the Roaches, Mussani hired the Carrillos during that visit, without the Roaches' knowledge, "to positions at Sundance where the Carillos [sic] worked, coordinated and conspired with Mussani to wrongfully interfere with the [Roaches'] employment relationship with Sundance by causing [the Roaches] to be removed or resign from their positions at Sundance in order to enable the Carrillos to usurp [the Roaches'] positions at Sundance." *Id*. at ¶226. These allegations form the basis for the Third Cause of Action of the Third-Party Complaint in which the Roaches contend that Mussani and the Carrillos conspired to intentionally interfere with the employment relationship between the Roaches and Sundance, and that those "acts were malicious, fraudulent and oppressive...." *Id*. at ¶237. This is the only cause of action the Roaches bring against the Carrillos. The Carrillos now move under Fed. R. Civ. P. 12(b)(6) to dismiss the Third Cause of Action and they move for an award of costs. The Roaches contest the Motion to Dismiss and, in the alternative, they seek permission to amend the Third-Party Complaint to cure any deficiencies in Third Cause of Action.

*B. Standard of Review*

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009)(citations omitted).

*C. Discussion*

The Carrillos argue first that the Third Cause of Action is subject to a Rule 12(b)(6) dismissal because there is no such tort as intentional interference with an employment relationship. The Carrillos further argue that even if the Third Cause of Action is construed as a claim of tortious interference with a contract, the Roaches have failed to state a plausible cause of action against the Carrillos. If the Court grants the Motion to Dismiss, the Carrillos request an

award of costs.  The Roaches, however, contend that they have stated a plausible cause of action against the Carrillos and that if the Court decides to grant the Motion to Dismiss, they request leave to amend the Third-Party Complaint to cure any deficiencies in the Third Cause of Action.

*1. Does the Third Cause of Action State a Plausible Cause of Action Against the Carrillos?*

As an initial matter, the Court notes that the Third Cause of Action is couched in terms of a conspiracy.  To state a plausible civil conspiracy claim, a plaintiff must show "'(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) that the plaintiff was damaged as a result of such acts.'" *Ettenson v. Burke*, 2001-NMCA-003 ¶12, 130 N.M. 67 (quoting *Silva v. Town of Springer*, 1996-NMCA-022 ¶25, 121 N.M. 428).  However, "[w]ithout an actionable civil case against one of the conspirators, ... an agreement, no matter how conspiratorial in nature, is not a separate, actionable offense." *Id*.  In this case, the intentional interference with employment relationship claim is allegedly the "independent, unlawful act[] that make[s] the conspiracy actionable." *Id*. at ¶13.  Hence, the Court must examine whether the Roaches have stated a plausible claim of intentional interference with an employment relationship before considering whether the Roaches have stated a plausible conspiracy claim.

To begin with, the Court respectfully disagrees with the Carrillos' assertion that there is no tort based on an intentional interference with an employment relationship.  In New Mexico, the tort of intentional interference with a contract necessarily includes the tort of intentional interference with an employment relationship, whether that employment relationship is based on at-will employment or on an implied or express employment contract.  The New Mexico courts recognize that the general tort of intentional interference with a contract is divided into two

5

categories: intentional interference with an existing contract and intentional interference with a prospective contract. *Guest v. Berardinelli*, 2008-NMCA-144 ¶32, 145 N.M. 186.  "To prove intentional interference with an existing contract, [plaintiff] must demonstrate that (1) [d]efendants had knowledge of a contract between [plaintiff] and [a third-party], (2) performance of the contract was refused, (3) [d]efendants played an active and substantial part in causing [plaintiff] to lose the benefits of the contract, (4) damages flowed from the breached contract, and (5) [d]efendants induced the breach without justification or privilege." *Id.*  To cause "one to lose the benefits of the contract, the tortfeasor must act either with an improper motive or by use of improper means." *Id.*  Improper motive can include personal vengeance or spite but does not include legitimate business reasons. *See Zarr v. Washington Tru Solutions, LLC*, 2009-NMCA-050 ¶25, 146 N.M. 274.  Improper means can include "predatory behavior, violence, threats or intimidation, deceit or misrepresentation, bribery, economic pressure, unfounded litigation, defamation, unlawful conduct, and perhaps violation of business ethics and customs." *Id.* at ¶11.

"To prove intentional interference with prospective contractual relations, [plaintiff] must show that [d]efendants damaged her by either (1) inducing or otherwise causing [the third-party] not to enter into or continue a prospective relation with [plaintiff] or (2) preventing [plaintiff] from acquiring or continuing a prospective relation with [the third-party]." *Guest,* 2008-NMCA-144 ¶32.  As with intentional interference with an existing contract, the plaintiff must show that the defendant acted with an improper motive or used improper means. *Id.*  However, in the case of intentional interference with a prospective contract, the improper motive test requires that the improper motive be "solely to harm" the plaintiff. *Zarr*, 2009-NMCA-050 ¶17.

In the specific context of employment relationships, the New Mexico courts treat intentional interference of an at-will employment relationship as an intentional interference with

a prospective contract. *Id.* If, however, there is an implied or express employment contract, a claim of intentional interference with that relationship is necessarily treated as an intentional interference with an existing contract. *See id.* at ¶¶18 and 19 (discussion of implied employment contracts in deciding whether plaintiff had an at-will employment relationship subject to analysis under the tort of intentional interference with a prospective contract).

To decide if the Roaches have stated a plausible claim of intentional interference with an employment relationship, the Court must initially examine the Third-Party Complaint for any factual allegations which would determine whether the employment relationship between the Roaches and Sundance was at-will or based on an implied or express employment contract. The Roaches allege in the Fourth Cause of Action of the Third-Party Complaint that Mussani and Sundance breached the employment contract between the Roaches and Sundance by failing to pay the Roaches for labor, services, and materials as well as by failing to provide the Roaches with their promised ownership interest in Sundance. Answer and Counterclaim at ¶¶239-41. Viewing the Fourth Cause of Action in the light most favorable to the Roaches and accepting as true the Roaches' characterization of their employment relationship with Sundance as being based on an employment contract, express or implied, the Court determines that the Roaches are attempting to state a claim of intentional interference with an existing contract. Consequently, the Court will examine whether the Roaches have alleged sufficient facts in the Third-Party Complaint to support the elements of that claim.

First, the Roaches do not allege any facts which show that the Carrillos knew that there was an employment contract, either implied or express, between the Roaches and Sundance. The Roaches simply assert in the Third Cause of Action that the Carrillos intentionally interfered with the employment relationship "to usurp" the Roaches' positions. Second, although the

Roaches contend that the Carrillos were somehow instrumental in the termination of Kelly Roach and the resignation of Donna Roach, the Roaches do not allege any facts which demonstrate that these adverse employment actions were due to Sundance's refusal to perform its obligations under an employment contract.  Instead, the Roaches maintain in their breach of contract claim that Mussani and Sundance breached the employment contract by refusing to pay the Roaches for labor, services, and materials, and by failing to provide the Roaches with promised ownership interests in Sundance.  Third, the Roaches do not allege any facts which show that the Carrillos "played an active and substantial part" in causing the Roaches to lose the benefits of their employment contract.  In other words, the Roaches fail to allege facts concerning what role the Carrillos had in causing Kelly Roach to be terminated or in causing Donna Roach to resign.  Fourth, even though the Roaches allege that the breach of the employment contract resulted in various damages, the Roaches have not specified facts which demonstrate that the Carrillos induced the breach of the employment contract "without justification or privilege," i.e., the Roaches have failed to allege any facts which show that the Carrillos' actions were based on improper motive or improper means. The Roaches merely state in a conclusory and speculative manner that the Carrillos' actions "were malicious, fraudulent and oppressive...."  Answer and Counterclaim at ¶238.  In sum, the Roaches have failed to plead sufficient factual content to allow the Court to draw a reasonable inference that the Carrillos are liable for intentional interference of an existing employment contract.  The "sheer possibility" that the Carrillos acted unlawfully is not enough to plead a plausible cause of action.

 Having failed to state a plausible underlying cause of action against the Carrillos, the conspiracy claim against the Carrillos cannot withstand a Rule 12(b)(6) attack.  Hence, the Third Cause of Action against the Carrillos is subject to dismissal under Rule 12(b)(6).  The Court

further concludes that the Third Cause of Action against Mussani suffers in large part from the same inadequacies as the Third Cause of Action against the Carrillos.  The Court will, therefore, *sua sponte* dismiss the Third Cause of Action against Mussani as well.  *See, e.g., Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Finally, the Court determines that the Third Cause of Action should be dismissed without prejudice because the Roaches might have avoided a Rule 12(b)(6) dismissal had they more carefully pled the tort of intentional interference with an employment contract.[2]

### 2. *The Carrillos' Request for an Award of Costs*

Although the Court will grant the Motion to Dismiss, the Court concludes that an award of costs to the Carrillos is unwarranted for two reasons.  First, the Court rejected the Carrillos' initial argument that a tort of intentional interference with an employment relationship is nonexistent.  Second, the dismissal of the Third Cause of Action will be without prejudice.  Hence, the Court will deny the Carrillos' request for an award of costs.

### 3. *The Roaches' Request to Amend the Third-Party Complaint*

The Roaches also request that they be allowed under Fed. R. Civ. P. 15(a) to amend the Third-Party Complaint to cure deficiencies in Third Cause of Action.  A request to amend a third-party complaint at this stage in the proceedings must be by motion, and a proposed amended third-party complaint must accompany the motion. *See* Fed. R. Civ. P. 15(a)(2); D.N.M. L.R.- Civ. 15.1. Therefore, Plaintiff's request to allow an amended Third-Party

---

[2] "Generally, dismissals of claims for failure to state a claim upon which relief may be granted are without prejudice," because the defect addressed by Rule 12(b)(6) may be curable. *Buchanan v. Oklahoma*, 2010 WL 1449603 *4 (W.D. Okla.) (unpublished decision); *Douglas v. Hilligoss*, 2010 WL 1329075 *2 (W.D. Okla.) (unpublished decision) (citing *Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001)).

Complaint is not properly before the Court and will be denied at this time without prejudice to the filing of a motion to amend the Third-Party Complaint which complies with the Federal Rules of Civil Procedure and the Local Rules of this United States District Court.

IT IS ORDERED that Joe M. Carrillo's and Anabel [sic] Carrillo's Motion to Dismiss Donna Roach and Kelly Roach's Third-Party Complaint (incorrectly labeled "Counterclaim") for Failure to State a Claim (Doc. No. 80) is granted in part in that:

1. the Third Cause of Action of the Third-Party Complaint will be dismissed without prejudice;

2. the Carrillos' request for an award of costs is denied; and

3. the Roaches' request to amend the Third-Party Complaint is denied at this time without prejudice to the filing of a motion to amend the Third-Party Complaint which complies with the Federal Rules of Civil Procedure and the Local Rules of this United States District Court.

_____
SENIOR UNITED STATES DISTRICT JUDGE