IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNDANCE SERVICES, INC.,

     Plaintiff,

vs.                                                                          Civ. No. 10-110 JP/CEG

DONNA ROACH, KELLY ROACH,
MICHAEL PATTERSON,
ANTHONY PENDER,
TERRY GARCIA, JOANN PENDER,
SYLVANNA VELASQUEZ, a/k/a
SYLVANNA TRUJILLO,
DARIO VELASQUEZ,
RICHARD VELASQUEZ, JR.,
RICHARD VELASQUEZ, SR.,
SYLVIA VELASQUEZ, KATY VELASQUEZ,
RICHARD SHORT, MAX VELASQUEZ, and
DOUBLE T FASHIONS,

     Defendants.

And

DONNA ROACH and KELLY ROACH,

     Counterclaimants,

vs.

SUNDANCE SERVICES, INC.,

     Counterdefendant.

And

DONNA ROACH and KELLY ROACH,

     Third-Party Plaintiffs,

vs.

MOHAMED HANIF MUSSANI, and
PERSEMPRE INVESTMENTS, LLC,

       Third-Party Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This Memorandum Opinion and Order concerns the following motions:

1.  Plaintiff Sundance Services, Inc.'s Motion to Dismiss Counterclaimants Donna Roach and Kelly Roach's Second Cause of Action for Failure to State a Claim (Doc. No. 103) (Sundance's Motion to Dismiss Second Cause of Action), filed January 26, 2011;

2.  Sundance Services, Inc. and Mohamed Hanif Mussani's Motion to Dismiss Counterclaimants/Third-Party Plaintiffs Donna Roach and Kelly Roach's Claim for Declaratory Relief (Doc. No. 105) (Motion to Dismiss First Cause of Action), filed January 31, 2011;

3.  Third-Party Defendant Mussani's Motion to Dismiss Third-Party Plaintiffs Donna Roach and Kelly Roach's Second Cause of Action for Failure to State a Claim and Violation of Federal Rule of Civil Procedure 9(B) (Doc. No. 116) (Mussani's Motion to Dismiss Second Cause of Action), filed February 4, 2011;

4.  Plaintiff Sundance Services, Inc.'s Motion to Dismiss Counterclaimants Donna Roach and Kelly Roach's Sixth Cause of Action for Failure to State a Claim (Doc. No. 117) (Sundance's Motion to Dismiss Sixth Cause of Action), filed February 9, 2011;

5.  Third-Party Defendant Mussani's Motion to Dismiss Third-Party Plaintiffs Donna Roach and Kelly Roach's Sixth Cause of Action for Failure to State a Claim (Doc. No. 119) (Mussani's Motion to Dismiss Sixth Cause of Action), filed February 14, 2011;

6.  Plaintiff Sundance Services, Inc. and Third-Party Defendant Mussani's Motion to Dismiss Counterclaimants Donna Roach and Kelly Roach's Fourth Cause of Action for Failure

2

to State a Claim (Doc. No. 120) (Motion to Dismiss Fourth Cause of Action), filed February 15, 2011; and

    7.  Plaintiff Sundance Services, Inc. and Third-Party Defendant Mussani's Motion to Dismiss Counterclaimants/Third-Party Plaintiffs Donna Roach and Kelly Roach's Second, Fourth, and Sixth Causes of Action for Lack of Subject Matter Jurisdiction (Doc. No. 121) (Motion to Dismiss Second, Fourth, and Sixth Causes of Action), filed February 16, 2011.

    Having reviewed the briefs and relevant law, the Court determines that:  1) the Motion to Dismiss First Cause of Action and the Motion to Dismiss Second, Fourth, and Sixth Causes of Actions should be granted; and 2) the First, Second, Fourth, and Sixth Causes of Actions of Defendants/Counterclaimants/Third-Party Plaintiffs Donna Roach and Kelly Roach's (the Roaches) Answer and Counterclaim (Doc. No. 69)[1] should be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of federal subject matter jurisdiction.[2] The Court further determines that Sundance's Motion to Dismiss Second Cause of Action, Mussani's Motion to Dismiss Second Cause of Action, Sundance's Motion to Dismiss Sixth Cause of Action, Mussani's Motion to Dismiss Sixth Cause of Action, and the Motion to Dismiss Fourth Cause of

---

    [1]The Roaches' "Counterclaim" actually consists of counterclaims against Plaintiff/Counterdefendant Sundance Services, Inc. (Sundance) as well as third-party claims against Third-Party Defendants Mohamed Hanif Mussani (Mussani) and Persempre Investments, LLC.  Mussani is the sole shareholder, officer, and director of Sundance and consequently, an agent for Sundance.  Persempre Investments, LLC is a real estate investment company formed by Mussani's wife and Donna Roach.  The Roaches had also made third-party claims against Joe M. Carrillo and Anabel Carrillo but the Court dismissed those claims on December 16, 2010. Order Dismissing Third Cause of Action of Third-Party Complaint (Doc. No. 95).  The Court will refer to the remaining counterclaims and third-party claims collectively as the Counterclaim.

    [2] "[A] dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal... must be without prejudice."  *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973).

Action should all be denied as moot.

*A.  Background*

It is undisputed that this Court has federal question jurisdiction and supplemental

jurisdiction over Sundance's Complaint for Civil RICO Violations, Fraud, Fraudulent

Misrepresentation, Conversion, Constructive Trust, Restitution, and Accounting (Doc. No. 1)

(Complaint).  *See* 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1367(a)

(supplemental jurisdiction).  Sundance claims in its Complaint that the Roaches and Defendant

Michael Patterson, all Sundance employees, "engaged in a pattern of racketeering activity for the

purpose of depriving [Sundance]of tens of millions of dollars of its property through the

commission of hundreds of acts in violation of federal and state law, including wire fraud, tax

fraud, mail fraud, embezzlement and money laundering, over a period of nearly a decade."  ¶2 of

Complaint.  Sundance further alleges that the Roaches illegally converted "assets of [Sundance]

for their own use and for the use and benefit of their family members and friends."  *Id*. at ¶3.

Sundance also brings racketeering and fraud claims against the Roaches' friends and family

members. The Roaches raise as a defense to the Complaint that Mussani, as an agent for

Sundance, authorized every action the Roaches took with respect to Sundance's assets.

The Roaches contend in their Answer and Counterclaim, among other things, that, in

August 1998, Mussani advised the Roaches and "Patterson that they were each owners of

Sundance in the following percentages: (1) Donna Roach 10%; (2) Kelly Roach 9%; and

Michael Patterson 10%."  Answer and Counterclaim at ¶207.  The Roaches also contend that

"[e]ventually, Mussani directed his attorneys to draft an agreement which stipulated that the

ownership interest held by [the Roaches] was 25% each."  *Id*.  The Roaches maintain that

Mussani never actually gave them an ownership interest in Sundance.

In their First Cause of Action, the Roaches bring a claim for declaratory relief against Sundance and Mussani under the federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. The Roaches allege in the First Cause of Action that "[o]n multiple occasions, Mussani advised [the Roaches] and Michael Patterson ... that [the Roaches] and Patterson possessed an ownership interest in Sundance as compensation for their services to Sundance."  Answer and Counterclaim at ¶228.  Consequently, the Roaches seek "a declaratory judgment that they possess an ownership interest in Sundance."  *Id*. at ¶229.  The Roaches in the Second Cause of Action assert that Sundance and Mussani committed fraud by falsely representing to the Roaches that they were part owners of Sundance.  In the Fourth Cause of Action, the Roaches contend that Sundance and Mussani breached the Roaches' employment contracts by "fail[ing] and refus[ing] to pay [the Roaches] in full for labor, services and materials furnished in the prosecution of the work provided to Sundance including, but not limited to, providing [the Roaches] with their promised ownership interest in Sundance."  *Id*. at ¶241.  The Sixth Cause of Action is a *quantum meruit* claim against Sundance and Mussani based on their purported failure and refusal "to pay [the Roaches] for the labor, services and materials referenced herein including, but not limited to, providing [the Roaches] with their promised ownership interest in Sundance."[3]  *Id*. at ¶249.

*B.  Discussion*

The Court will focus first on the Motion to Dismiss First Cause of Action and the Motion to Dismiss Second, Fourth, and Sixth Causes of Actions.  Sundance and Mussani contend in

---

[3]The Roaches also bring a Fifth Cause of Action against Persempre Investments, LLC, Sundance, and Mussani for an accounting of Persempre Investments, LLC's receipts and disbursements.  Additionally, the Roaches bring Seventh, Eighth, Ninth, and Tenth Causes of Actions against Sundance and/or Mussani in which the Roaches assert various indemnity claims and a contribution claim.

those two motions to dismiss that the Court lacks subject matter jurisdiction over the First, Second, Fourth, and Sixth Causes of Action.  *See Mounkes v. Conklin*, 922 F.Supp. 1501, 1506 (D.Kan. 1996) (citation omitted) (when defendant seeks to dismiss a claim under Rule 12(b)(1) for lack of federal jurisdiction and under Rule 12(b)(6) for failure to state a claim, the Court must decide the Rule 12(b)(1) motion first).  Sundance and Mussani contend that there is no federal question jurisdiction, no diversity jurisdiction, and no supplemental jurisdiction over the First, Second, Fourth, and Sixth Causes of Action.  *See* 28 U.S.C. §1332(a) (diversity jurisdiction).  Moreover, Sundance and Mussani contend that the federal Declaratory Judgment Act does not provide federal subject matter jurisdiction over the First Cause of Action.

The Roaches do not respond to Sundance and Mussani's contentions regarding the lack of federal question jurisdiction, the lack of diversity jurisdiction, and the failure of the federal Declaratory Judgment Act to provide federal jurisdiction.  This failure to respond constitutes consent by the Roaches that there is no federal question jurisdiction or diversity jurisdiction over the First, Second, Fourth, and Sixth Causes of Action, and that the federal Declaratory Judgment Act does not provide federal jurisdiction for the First Cause of Action.  *See* D.N.M. LR-Cv 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  Thus, the remaining jurisdictional issues are whether there is supplemental jurisdiction over the First, Second, Fourth, and Sixth Causes of Action, and if there is supplemental jurisdiction, whether the Court should decline to exercise that supplemental jurisdiction under §1367(c).

Before proceeding with the supplemental jurisdiction discussion, the Court notes that although the First, Second, Fourth, and Sixth Causes of Action contain both counterclaims and third-party claims, the parties refer in their arguments to the counterclaims only.  Because the

First, Second, Fourth, and Sixth Causes of Action contain counterclaims and third-party claims, the Court will consider whether there is supplemental jurisdiction over the counterclaims as well as the third-party claims.

The party who seeks to invoke federal jurisdiction, in this case the Roaches, bears the burden of establishing that federal jurisdiction is proper. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). Section §1367(a) states, in relevant part, that when "district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." It is well-established that "[a] claim is part of the same case or controversy if it 'derive[s] from a common nucleus of operative fact.'" *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (internal quotations and citations omitted). Section 1367(a) further states that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." A federal district court may decline to exercise supplemental jurisdiction under §1367(c)

> if–
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Sundance and Mussani argue that the First, Second, Fourth, and Sixth Causes of Action contain permissive counterclaims and that because of the nature of permissive counterclaims, the permissive counterclaims fail to share a common nucleus of operative fact with the Complaint. Consequently, Sundance and Mussani conclude that the First, Second, Fourth, and Sixth Causes

of Action are not part of the same case or controversy as the Complaint and that, therefore, there is no supplemental jurisdiction over those causes of action.  The Roaches, on the other hand, argue that the First, Second, Fourth, and Sixth Causes of Action contain compulsory counterclaims which necessarily share a common nucleus of operative fact with the Complaint. Moreover, the Roaches argue that even if the First, Second, Fourth, and Sixth Causes of Action contain permissive counterclaims, those permissive counterclaims nonetheless share a common nucleus of operative fact with the Complaint.

Although the Tenth Circuit Court of Appeals has not decided if a compulsory/permissive counterclaim distinction is determinative of supplemental jurisdiction, most legal commentators as well as the First, Second, and Seventh Circuit Courts of Appeal have recognized that §1367(a) "gives federal courts supplemental jurisdiction over both compulsory and at least some permissive counterclaims."  *Global NAPs, Inc. v. Verizon New England Inc*., 603 F.3d 71, 76 (1st Cir. 2010), *cert. denied*, 131 S. Ct. 1044 (2011).  *See* The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, 6 *Federal Practice and Procedure Civil* §1414 (3d ed.) (current through 2010 update) (§1367(a) applies to compulsory counterclaims); The Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Richard D. Freer, Joan E. Steinman, Catherine T. Struve & Vikram David Amar, 13D *Federal Practice and Procedure* §3567.1 (3d ed.) (current through 2010 update) ("[C]ourts increasingly recognize that some permissive counterclaims can satisfy §1367(a).").  *See also Jones v. Ford Motor Co.*, 358 F.3d 205, 212-13 (2nd Cir. 2004) (§1367(a) does not require permissive counterclaims to have independent federal jurisdiction like federal question or diversity jurisdiction); *Rothman v. Emory University*, 123 F.3d 446, 454 (7th Cir. 1997) (§1367(a) "permits district courts to maintain supplemental jurisdiction over counterclaims, whether compulsory or permissive, so

long as the counterclaims 'are so related to' the original claims that they form the same case or

controversy."); *Crow v. Uintah Basin Electronic Telecommunications*, 2010 WL 5069852 *4 n.

30 (D. Utah) (unpublished decision) (recognizing that Tenth Circuit has not decided if

supplemental jurisdiction over a counterclaim depends on a compulsory/permissive counterclaim

distinction and applying §1367(a) to counterclaims without relying on a compulsory/permissive

counterclaim distinction);  *Wilhelm v. TLC Lawn Care, Inc.*, 2008 WL 640733 *1 (D. Kan.)

(unpublished decision) (recognizing that "Tenth Circuit has not determined whether

supplemental jurisdiction over counterclaims depends on the compulsory/permissive distinction"

and noting that the parties did not make a compulsory/permissive counterclaim distinction in

arguing the issue of supplemental jurisdiction). Under this legal principle, permissive

counterclaims do not need an independent source of federal jurisdiction like federal question or

diversity jurisdiction if, under the supplemental jurisdiction statute, the permissive counterclaims

"are so related to claims in the action within such original jurisdiction that they form part of the

same case or controversy...."[4]  *See, e.g., Global NAPs, Inc.*, 603 F.3d at 76.  Moreover, it is well-

established that §1367(a) can provide supplemental jurisdiction over third-party complaints.  The

---

[4]Sundance and Mussani cite to *Williams v. Western Laundry Equipment LLC*, 2006 WL
4061164 *6 (D.N.M.) (unpublished decision) for the proposition that permissive counterclaims
require an independent basis for federal jurisdiction and that permissive counterclaims cannot,
therefore, provide a basis for supplemental jurisdiction.  In setting forth that proposition, the
Honorable United States District Court Judge James O. Browning relied on *NLRB ex rel. Int'l
Union of Elec., Radio, & Mach. Workers v. Dutch Boy, Inc.*, 606 F.2d 929, 932 (10th Cir. 1979).
The Tenth Circuit decided the *NLRB* case before the enactment of §1367(a) in 1990 and did not
take into account the inclusive language in §1367(a) that "the district courts shall have
supplemental jurisdiction over all other claims that are so related to claims in the action within
such original jurisdiction that they form part of the same case or controversy...."  Emphasis
added.  Hence, the proposition in *Williams* regarding the inapplicability of supplemental
jurisdiction to permissive counterclaims is not relevant to cases like this one which were brought
after the enactment of §1367(a).

Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, 6 *Federal Practice and Procedure Civil* §1444 (3d ed.) (current through 2010 update) (§1367(a) "would embrace both impleader claims and additional related claims asserted by the third-party plaintiff against the third-party defendant."); *Williams*, 2006 WL 4061164 *7 ("Even when there is no independent grounds for federal jurisdiction over a third-party complaint, however, a federal court might still have supplemental jurisdiction over the third-party action that it may exercise at its discretion.").

Having determined that a compulsory/permissive counterclaim distinction is irrelevant in deciding whether the Court has supplemental jurisdiction over the First, Second, Fourth, and Sixth Causes of Action, the Court will address whether those causes of action share a common nucleus of operative fact with the Complaint.  The Roaches argue first that the employment relationship between themselves, Mussani, and Sundance constitutes the common nucleus of operative fact between the First, Second, Fourth, and Sixth Causes of Action and the Complaint. The Kansas district court in *Wilhelm* encountered a situation similar to the situation here and had to decide whether an employment relationship can constitute a common nucleus of operative fact in order to bestow supplemental jurisdiction on state counterclaims.  In *Wilhelm*, the employee plaintiffs, much like the Roaches, alleged that the defendant employer failed to pay them in violation of the Fair Labor Standards Act (FLSA).  The employer defendant, similar to Sundance, alleged an "accounting of profits" counterclaim against the plaintiffs along with other state law counterclaims.  *Wilhelm*, 2008 WL 640733 *3.  Citing numerous FLSA cases, the district court found "very little overlap in the evidence relevant to plaintiffs' FLSA claim and the evidence relevant to defendant's counterclaims...."  *Id*.  The district court then concluded that "[b]ecause defendant relies solely on its employer-employee relationship with plaintiffs to

support supplemental jurisdiction, and does not identify a more specific factual connection

between its counterclaims and plaintiffs' FLSA claim, the Court cannot find a common nucleus

of operative fact between the causes of action which would permit it to exercise supplemental

jurisdiction." *Id*.  The Court finds the reasoning in *Wilhelm* persuasive and applicable to this

case.

      Here, the relevant evidence needed to support the Complaint would show that the

Roaches essentially stole assets from Sundance.  The relevant evidence needed to support the

First, Second, Fourth, and Sixth Causes of Action, however, would show that Sundance and

Mussani failed to compensate or pay the Roaches for labor, services, and materials.  Although,

as in *Wilhelm*, Sundance's allegations of theft and the Roaches' allegations of failure to pay

would not have occurred but for the Roaches' employment with Sundance, it is clear that the

evidence which would support the theft allegations in the Complaint, like the evidence relevant

to the "accounting of profits" claim in *Wilhelm*, overlaps only "very little," if at all, with the

failure to pay evidence which would support the First, Second, Fourth, and Sixth Causes of

Action.  In other words, the evidence relevant to the Complaint and the evidence relevant to the

First, Second, Fourth, and Sixth Causes of Action are distinct and separate from each other.

Consequently, the Court determines that the Roaches' reliance on an employment relationship

alone does constitute a sufficient factual connection between the First, Second, Fourth, and Sixth

Causes of Action and the Complaint to be considered a common nucleus of operative fact.

      The Roaches also seem to argue that the factual issue of whether they had the authority to

access Sundance's assets forms a common nucleus of operative fact between the First, Second,

Fourth, and Sixth Causes of Action and the Complaint.  However, neither Sundance's purported

failure to convey an ownership interest in Sundance to the Roaches nor Sundance's alleged

11

failure to pay the Roaches for labor, services, and materials arise out of Sundance's allegations in the Complaint that the Roaches did not have the authority to expend Sundance assets. The First, Second, Fourth, and Sixth Causes of Action and the Complaint simply do not have a sufficient factual relationship with each other to form a common nucleus of operative fact. Accordingly, the Roaches have failed to demonstrate that the First, Second, Fourth, and Sixth Causes of Action are so related to the Complaint "that they form part of the same case or controversy under Article III of the United States Constitution." The Court, therefore, has no supplemental jurisdiction over the First, Second, Fourth, and Sixth Causes of Action and those causes of action should be dismissed without prejudice. Because the Court lacks subject matter jurisdiction over the First, Second, Fourth, and Sixth Causes of Action, the Court will deny as moot the Rule 12(b)(6) motions to dismiss: Sundance's Motion to Dismiss Second Cause of Action, Mussani's Motion to Dismiss Second Cause of Action, Sundance's Motion to Dismiss Sixth Cause of Action, Mussani's Motion to Dismiss Sixth Cause of Action, and the Motion to Dismiss Fourth Cause of Action. *See Mounkes*, 922 F.Supp. at 1506 (if the Court lacks subject matter jurisdiction, a Rule 12(b)(6) challenge becomes moot).

IT IS ORDERED that:

1. the Motion to Dismiss First Cause of Action  (Doc. No. 105) is granted;

2. the Motion to Dismiss Second, Fourth, and Sixth Causes of Action (Doc. No. 121) is granted;

3. the First, Second, Fourth, and Sixth Causes of Action of the Roaches' Answer and Counterclaim will be dismissed without prejudice for lack of federal subject matter jurisdiction; and

12

4.   Sundance's Motion to Dismiss Second Cause of Action (Doc. No. 103), Mussani's Motion to Dismiss Second Cause of Action (Doc. No. 116), Sundance's Motion to Dismiss Sixth Cause of Action (Doc. No. 117), Mussani's Motion to Dismiss Sixth Cause of Action (Doc. No. 119), and the Motion to Dismiss Fourth Cause of Action (Doc. No. 120) are denied as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE

13