IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNDANCE SERVICES, INC.,

     Plaintiff,

vs.                                                                     Civ. No. 10-110 JP/CEG

DONNA ROACH, KELLY ROACH,
MICHAEL PATTERSON,
ANTHONY PENDER,
TERRY GARCIA, JOANN PENDER,
SYLVANNA VELASQUEZ, a/k/a
SYLVANNA TRUJILLO,
DARIO VELASQUEZ,
RICHARD VELASQUEZ, JR.,
RICHARD VELASQUEZ, SR.,
SYLVIA VELASQUEZ, KATY VELASQUEZ,
RICHARD SHORT, MAX VELASQUEZ, and
DOUBLE T FASHIONS,

     Defendants.

And

DONNA ROACH and KELLY ROACH,

     Counterclaimants,

vs.

SUNDANCE SERVICES, INC.,

     Counterdefendant.

And

DONNA ROACH and KELLY ROACH,

     Third-Party Plaintiffs,

vs.

MOHAMED HANIF MUSSANI, and
PERSEMPRE INVESTMENTS, LLC,

       Third-Party Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On January 19, 2011, Plaintiff/Counterdefendant Sundance Services, Inc. (Sundance)

filed: 1) a Motion to Strike Paragraph 223 from Defendants/Counterclaimants Donna Roach and

Kelly Roach's Answer and Counterclaim (Doc. No. 101) (Motion to Strike Paragraph 223), and

2) a Motion to Strike Paragraph 224 from Defendants/Counterclaimants Donna Roach and Kelly

Roach's Answer and Counterclaim (Doc. No. 102) (Motion to Strike Paragraph 224)

(collectively, the Motion to Strike Paragraph 223 and the Motion to Strike Paragraph 224 will be

referred to as the Motions to Strike).  Having reviewed the briefs and relevant law, the Court

determines that the Motions to Strike should be granted.

Sundance moves under Fed. R. Civ. P. 12(f) to strike Paragraphs 223 and 224 of

Defendants/Counterclaimants/Third-Party Plaintiffs Donna Roach and Kelly Roach's (the

Roaches) Answer and Counterclaim, filed June 28, 2010,[1] because those paragraphs contain

---

[1]The Roaches' "Counterclaim" actually consists of counterclaims against Sundance as well as third-party claims against Mohamed Hanif Mussani and Persempre Investments, LLC. Mussani is the sole shareholder, officer, and director of Sundance and consequently, an agent for Sundance.  Persempre Investments, LLC is a real estate investment company formed by Mussani's wife and Donna Roach.  The Roaches had also made third-party claims against Joe M. Carrillo and Anabel Carrillo but the Court dismissed those claims on December 16, 2010.  Order Dismissing Third Cause of Action of Third-Party Complaint (Doc. No. 95).  The Court will refer to the counterclaims and remaining third-party claims collectively as the Counterclaim.

"immaterial, impertinent, or scandalous matter."[2]   Paragraphs 223 and 224 occur in the "Facts"

portion of the Counterclaim.   Paragraph 223 states:

> 223.  Beginning in or about 2005 for a period of approximately seven months, Mussani instructed [Donna] Roach to use Sundance's funds to support Mussani's mistress in Morocco.  Mussani instructed [Donna] Roach to wire $10,000 per month from Sundance to a bank account in Morocco in the mistress's name.

Paragraph 224 states:

> 224.  In or about 2008, Mussani requested that [Donna] Roach sign a bank loan to purchase a centrifuge for Sundance. [Donna] Roach refused and Mussani then personally sought the bank loan to purchase the centrifuge.  Although the cost of the centrifuge was represented to the bank to be $3,000,000, the actual cost was approximately $700,000. Mussani convinced the seller of the centrifuge to provide false information to the bank indicating that the cost was $3,000,000.  Once the loan was funded, the seller took its portion for the cost of the centrifuge and wrote checks back to Sundance for the remainder.

> Rule 12(f) provides that

> [t]he court may strike from a pleading ... immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

In this case, Sundance did not file the Motions to Strike before responding to the Answer and

Counterclaim.  *See Answer to Counterclaims of Plaintiff and Counterdefendant Sundance*

---

[2]On April 7, 2010, Sundance moved under Rule 12(f) to strike a portion of a motion to dismiss which contained Paragraphs 15 and 19 of the Declaration of Donna Roach, paragraphs identical to Paragraphs 223 and 224 of the Answer and Counterclaim. *See* Motion to Strike Paragraphs IF and IJ from Defendants' Motion to Dismiss for Failure to Join an Indispensable Party (Doc. No. 50) (First Motion to Strike).  The Court denied the First Motion to Strike on the basis that Rule 12(f) does not apply to motions or affidavits.  Memorandum Opinion and Order (Doc. No. 61), filed May 13, 2010.  The Roaches now rely on the ruling on the First Motion to Strike as a ground for denying the pending Motions to Strike.  That previous ruling, however, is not relevant to the Motions to Strike since the First Motion to Strike did not seek to strike a paragraph from a pleading which is the case here.

*Services, Inc.* (Doc. No. 76), filed Sept. 22, 2010.  Instead, Sundance filed the Motions to Strike

about four months after the Roaches filed the Answer and Counterclaim.  Consequently, the

Motions to Strike are untimely under Rule 12(f).

The Court recognizes, however, that a majority of courts will consider untimely motions

to strike because Rule 12(f) permits a court to strike immaterial, impertinent, or scandalous

matter on its own initiative.  *See* The Late Alan Wright & Arthur R. Miller, 5C *Federal Practice*

*and Procedure* §1380 (3d ed.) (current through 2010 update).  Nonetheless, the Tenth Circuit

Court of Appeals, in an unpublished decision, held that a district court did not abuse its

discretion when it denied a motion to strike based on untimeliness and on the movant's failure to

offer "any convincing explanation for the delay."  *Sterling Consulting Corp. v. Credit Managers*

*Ass'n of California*, 252 Fed. Appx. 915, 917 (10th Cir. 2007).  *See also Halifax Paving, Inc. v.*

*U.S. Fire Ins. Co.*, 2006 WL 3708090 *1 (M.D. Fla. 2006).  Although the Tenth Circuit has

provided legal authority which would support a decision by this Court to deny the Motions to

Strike as untimely, especially since Sundance has not explained the delay in filing the Motions to

Strike, the Court will, on its own initiative, address the merits of the Motions to Strike.

Generally, motions to strike are disfavored and should be denied.  *Lane v. Page*, ___

F.R.D. ___, 2011 WL 693176 *4-5 (D.N.M.) (citations omitted).  Under Rule 12(f), matters are

immaterial if  "'they have no possible bearing on the controversy.'" *Id*. at *5 (citations omitted).

In other words, "'[i]mmaterial' matter is that which has no essential or important relationship to

the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in

connection with and descriptive of that which is material." The Late Alan Wright & Arthur R.

Miller, *Federal Practice and Procedure* §1382 (current through 2010 update).  "'[I]mpertinent'

matter consists of statements that do not pertain, and are not necessary, to the issues in question."

*Id*.  In fact, immaterial and impertinent matters often overlap considerably.  *Id*.  "'[S]candalous'

matter is that which improperly casts a derogatory light on someone, most typically on a party to

the action.  It is not enough that the matter offends the sensibilities of the objecting party if the

challenged allegations describe acts or events that are relevant to the action."  *Id*.

Many courts require that, in addition to showing that a matter is immaterial, impertinent,

or scandalous, a party moving to strike matter under Rule 12(f) must show that prejudice to the

movant will ensue if the court denies the motion to strike.  *See id.*  The Honorable United States

District Court Judge James O. Browning, however, makes a persuasive argument based on case

law and the plain language of Rule 12(f) that there is no prejudice requirement.  *See Lane*, ___

F.R.D. ___, 2011 WL 693176 **16-18.  The Court adopts Judge Browning's reasoning and will,

therefore, not require Sundance to show prejudice to prevail on the Motions to Strike.

*A.  The Motion to Strike Paragraph 223*

Sundance argues first that Paragraph 223 is not material or pertinent to the claims it

raised against the Roaches in the Complaint for Civil RICO Violations, Fraud, Fraudulent

Misrepresentation, Conversion, Constructive Trust, Restitution, and Accounting (Doc. No. 1)

(Complaint).  Sundance alleges in the Complaint that the Roaches and Defendant Michael

Patterson, all Sundance employees, "engaged in a pattern of racketeering activity for the purpose

of depriving [Sundance]of tens of millions of dollars of its property through the commission of

hundreds of acts in violation of federal and state law, including wire fraud, tax fraud, mail fraud,

embezzlement and money laundering, over a period of nearly a decade."  ¶2 of Complaint.

Sundance further alleges in the Complaint that the Roaches illegally converted "assets of

[Sundance] for their own use and for the use and benefit of their family members and friends."[3] *Id.* at ¶3.  Second, Sundance argues that Paragraph 223 is not material or pertinent to the Roaches' defense to the Complaint in which the Roaches assert that Mussani, as an agent for Sundance, authorized every action the Roaches took with respect to Sundance's assets.  Finally, Sundance appears to argue that Paragraph 223 is scandalous since it cannot be characterized as simply "background" information.  Motion to Strike Paragraph 223 at 4.  Sundance maintains that the "one and only one purpose" of Paragraph 223 it to threaten Mussani and to "at least make life uncomfortable for him."  *Id.*

As an initial matter, the Court determines that Sundance wrongly relies on the Complaint and on the Roaches' defense to the Complaint as a basis for the Motion to Strike Paragraph 223.  Paragraph 223 is in the Facts portion of the Counterclaim and, therefore, was presumably written to support the Roaches' Counterclaim.  The focus of the Motion to Strike Paragraph 223 should, therefore, be whether Paragraph 223 is immaterial, impertinent, or scandalous with respect to the Counterclaim.

In examining the Counterclaim, the Court notes that the Roaches bring claims in the First, Second, Fourth, and Sixth Causes of Actions against Sundance and Mussani based on allegations that 1) Sundance and Mussani failed to give the Roaches an ownership interest in Sundance as compensation for their services to Sundance; and 2) Sundance and Mussani refused to pay the Roaches for labor, services, and materials which they provided to Sundance in the course of their employment with Sundance.  The Fifth Cause of Action is against Sundance, Mussani, and Persempre Investments, LLC.  Donna Roach seeks in the Fifth Cause of Action an

---

[3]Sundance also brings racketeering and fraud claims against the Roaches' friends and family.

accounting of receipts and disbursements from Persempre Investments, LLC to show that

Persempre Investments, LLC (and presumably, Sundance and Mussani) owe her money.   The

Roaches then raise in their Seventh, Eighth, Ninth, and Tenth Causes of Action various

indemnity claims against Mussani and/or Sundance as well as a contribution claim against both

Sundance and Mussani.  The Roaches contend in these causes of actions that if they are held

liable to Sundance for damages, i.e., the depletion of Sundance's assets, under the Complaint,

Mussani should indemnify the Roaches for those damages because the damages were "solely due

to the conduct of Mussani."  ¶254 of the Answer and Counterclaim.  The Roaches further

contend that both Mussani and Sundance proximately caused any damages Sundance may have

suffered.  Consequently, if the Roaches are found liable to Sundance under the Complaint, the

Roaches assert that Sundance should indemnify them for Sundance's damages, and Mussani and

Sundance should reimburse the Roaches by way of contribution.  *See* ¶¶ 258, 261, 264 of the

Answer and Counterclaim.

 Paragraph 223 refers to the alleged expenditure of Sundance assets for the use and benefit

of Mussani's mistress.  Paragraph 223 is simply not material nor does it pertain to the Roaches'

claims that Sundance and Mussani did not compensate or reimburse the Roaches for labor,

services, or materials they provided to Sundance while they were Sundance employees.

Moreover, Paragraph 223 is not material nor does it pertain to the Roaches' indemnity or

contribution claims.  The indemnity and contribution claims are based on the assumption that the

Roaches are found liable to Sundance under the Complaint in which Sundance alleges that the

Roaches used Sundance assets for their own benefit or for the benefit of friends and family.

Obviously, the allegations in Paragraph 223 indicate that the expenditure of Sundance assets was

for the benefit of Mussani's mistress, not for the benefit of the Roaches or their family and

friends.[4]  The Court is also concerned that the references to a mistress "improperly casts a

derogatory light" on Mussani.  The reference to Mussani's mistress is not particularly relevant to

the Answer and Counterclaim and is better characterized as scandalous and unnecessary.  Hence,

the Motion to Strike Paragraph 223 will be granted.

B.  *The Motion to Strike Paragraph 224*

Like its argument in the Motion to Strike Paragraph 223, Sundance mistakenly relies on

the Complaint and the Roaches' defense to the Complaint as grounds for the Motion to Strike

Paragraph 224.  The Court must examine Paragraph 224 in light of the Counterclaim to

determine if  Paragraph 224 is immaterial, impertinent, or scandalous.

Notably, Paragraph 224 does not show that the Roaches were involved in obtaining the

allegedly fraudulent loan.  Furthermore, Paragraph 224 has nothing to do with the Roaches'

claims that Mussani and Sundance did not compensate the Roaches for the labor, services, and

materials they provided to Sundance in the course of their employment with Sundance.  Finally,

Paragraph 224 is not material nor does it pertain to the Roaches' indemnity and contribution

claims which assume that the Roaches are liable to Sundance under the Complaint.  In other

words, Mussani's alleged fraudulent loan does not support Sundance's assertion that the Roaches

expended Sundance assets for their own benefit or for the benefit of friends and family.

---

[4]Even if the Court considers the Roaches' defense to the Complaint, i.e., that Mussani
authorized the Roaches to expend Sundance assets on themselves and on their family and
friends, Paragraph 223 is not material and is not pertinent to that defense because Paragraph 223
does not show that Mussani authorized Donna Roach to expend assets on herself or on her
family and friends.

Paragraph 224 indicates that the loan allegedly benefitted only Mussani.[5]  For these reasons, the

Motion to Strike Paragraph 224 will be granted as well.[6]

IT IS ORDERED that:

1.  Sundance's Motion to Strike Paragraph 223 from Defendants/Counterclaimants

Donna Roach and Kelly Roach's Answer and Counterclaim (Doc. No. 101) is granted and

Paragraph 223 of the Answer and Counterclaim is stricken; and

2.  Sundance's Motion to Strike Paragraph 224 from Defendants/Counterclaimants

Donna Roach and Kelly Roach's Answer and Counterclaim (Doc. No. 102) is granted and

Paragraph 224 of the Answer and Counterclaim is stricken.


_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5]If the Court considers the Roaches' defense to the Complaint with respect to Paragraph 224, it is clear that Paragraph 224 is not material or pertinent to that defense.  In other words, an allegedly fraudulent loan by Mussani which benefitted Mussani fails to support the Roaches' contention that Mussani authorized them to expend Sundance assets on themselves and on their family and friends.

[6]Having determined that Paragraph 224 is immaterial and impertinent, there is no need to discuss whether Paragraph 224 is scandalous.