IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNDANCE SERVICES, INC.,

      Plaintiff,

vs.                                              Civ. No. 10-110 JP/CEG

DONNA ROACH, KELLY ROACH,
MICHAEL PATTERSON,
ANTHONY PENDER,
TERRY GARCIA, JOANN PENDER,
SYLVANNA VELASQUEZ, a/k/a
SYLVANNA TRUJILLO,
DARIO VELASQUEZ,
RICHARD VELASQUEZ, JR.,
RICHARD VELASQUEZ, SR.,
SYLVIA VELASQUEZ, KATY VELASQUEZ,
RICHARD SHORT, MAX VELASQUEZ, and
DOUBLE T FASHIONS,

      Defendants.

And

DONNA ROACH and KELLY ROACH,

      Counterclaimants,

vs.

SUNDANCE SERVICES, INC.,

      Counterdefendant.

And

DONNA ROACH and KELLY ROACH,

      Third-Party Plaintiffs,

vs.

MOHAMED HANIF MUSSANI, and
PERSEMPRE INVESTMENTS, LLC,

     Third-Party Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On February 18, 2011, Plaintiff/Counterdefendant Sundance Services, Inc. (Sundance), Third-Party Defendant Mohamed Hanif Mussani (Mussani), and Third-Party Defendant Persempre Investments, LLC (Persempre) filed Plaintiff Sundance Services, Inc. and Third-Party Defendants Mussani and Persempre Investments, LLC's Motion to Dismiss Counterclaimants/Third-Party Plaintiffs Donna Roach and Kelly Roach's Fifth Cause of Action for Lack of Subject Matter Jurisdiction, Failure to State a Claim, and Violation of Federal Rule of Civil Procedure 14 (Doc. No. 122) (Motion to Dismiss).  Having reviewed the briefs and relevant law, the Court determines that the Motion to Dismiss should be granted and that the Fifth Cause of Action of Defendants/Counterclaimants/Third-Party Plaintiffs Donna Roach and Kelly Roach's (the Roaches) Answer and Counterclaim (Doc. No. 69)[1] should be dismissed

---

[1]The Roaches' "Counterclaim" actually consists of counterclaims against Sundance as well as third-party claims against Mussani and Persempre.  The Roaches had also made third-party claims against Joe M. Carrillo and Anabel Carrillo in the Third Cause of Action but the Court dismissed the Third Cause of Action on December 16, 2010.  Order Dismissing Third Cause of Action of Third-Party Complaint (Doc. No. 95).  Moreover, on June 2, 2011, the Court dismissed the Roaches' First, Second, Fourth, and Sixth Causes of Action.  Order Dismissing Without Prejudice First, Second, Fourth, and Sixth Causes of Action of Answer and Counterclaim (Doc. No. 69) (Doc. No.184).  In addition to the Fifth Cause of Action, the cause of action at issue in this Motion to Dismiss, the Roaches bring Seventh, Eighth, Ninth, and Tenth Causes of Actions against Sundance and/or Mussani in which the Roaches assert various indemnity claims and a contribution claim. The Court will refer to the remaining counterclaims and third-party claims collectively as the Counterclaim.

without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of federal subject matter jurisdiction.[2]

A.  *Background*

It is undisputed that this Court has federal question jurisdiction and supplemental

jurisdiction over Sundance's Complaint for Civil RICO Violations, Fraud, Fraudulent

Misrepresentation, Conversion, Constructive Trust, Restitution, and Accounting (Doc. No. 1)

(Complaint).  *See* 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1367(a)

(supplemental jurisdiction).  Sundance claims in its Complaint that the Roaches and Defendant

Michael Patterson, all Sundance employees, "engaged in a pattern of racketeering activity for the

purpose of depriving [Sundance]of tens of millions of dollars of its property through the

commission of hundreds of acts in violation of federal and state law, including wire fraud, tax

fraud, mail fraud, embezzlement and money laundering, over a period of nearly a decade."  ¶2 of

Complaint.  Sundance further alleges that the Roaches illegally converted "assets of [Sundance]

for their own use and for the use and benefit of their family members and friends."  *Id*. at ¶3.

Sundance also brings racketeering and fraud claims against the Roaches' friends and family

members.  The Roaches raise as a defense to the Complaint that Mussani, the sole shareholder,

officer and director of Sundance, acted as an agent for Sundance and, thereby, authorized every

action the Roaches took with respect to Sundance's assets.

The Roaches contend in their Counterclaim, among other things, that "[i]n 2006, at

Mussani's direction Mussani's wife, Sue Mussani, and [Donna Roach] formed Persempre for the

purpose of investing in real estate."  Answer and Counterclaim at ¶243.  The Roaches further

---

[2] "[A] dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal... must be without prejudice."  *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973).

contend that Donna Roach "sent $300,000 from Sundance to a real estate company in Pennsylvania for the purchase of 13 properties for Persempre." *Id*.  The Roaches also claim in the Counterclaim that Donna Roach "purchased two additional homes through Persempre, as well as a home in Michigan for Mussani's cousin, using Sundance's funds." *Id*.  The Roaches assert in the Counterclaimants' Opposition to Plaintiff Sundance Services, Inc. and Third-Party Defendants Mussani and Persempre Investments, LLC's Motion to Dismiss Counterclaimants/Third-Party Plaintiffs Donna Roach and Kelly Roach's Fifth Cause of Action for Lack of Subject Matter Jurisdiction, Failure to State a Claim, and Violation of Federal Rule of Civil Procedure 14 (Doc. No. 136) at 2 that Persempre is an alter ego of Mussani.

In the Fifth Cause of Action, the Roaches bring an accounting claim against Persempre, Sundance, and Mussani in which the Roaches allege that "Persempre has received money, a portion of which is due to [Donna Roach] from ... Persempre, Sundance and Mussani...." *Id*. at ¶224.  The Roaches explain in the Fifth Cause of Action that they do not know how much money Persempre, Sundance and Mussani owe Donna Roach and that the amount of that owed money "cannot be ascertained without an accounting of the receipts and disbursements of Persempre." *Id*. at ¶245.

B.  *Discussion*

Sundance, Mussani, and Persempre move first to dismiss without prejudice the Fifth Cause of Action under Rule 12(b)(1) for federal lack of subject matter jurisdiction.  Sundance, Mussani, and Persempre contend that there is no federal question jurisdiction, no diversity

jurisdiction, and no supplemental jurisdiction over the Fifth Cause of Action.[3]  *See* 28 U.S.C.

§1332(a) (diversity jurisdiction).  The Roaches, however, do not respond to the contentions

regarding the lack of federal question jurisdiction and the lack of diversity jurisdiction.  This

failure to respond constitutes consent by the Roaches that there is no federal question jurisdiction

or diversity jurisdiction over the Fifth Cause of Action.  *See* D.N.M. LR-Cv 7.1(b) ("The failure

of a party to file and serve a response in opposition to a motion within the time prescribed for

doing so constitutes consent to grant the motion.").  Thus, the remaining jurisdictional issues are

whether there is supplemental jurisdiction over the Fifth Cause of Action, and if there is

supplemental jurisdiction, whether the Court should decline to exercise that supplemental

jurisdiction under §1367(c).

   Before proceeding with the supplemental jurisdiction discussion, the Court notes that

although the Fifth Cause of Action contains both a counterclaim and third-party claims, the

parties refer in their jurisdictional arguments only to the counterclaim.  Because the Fifth Cause

of Action contains a counterclaim and third-party claims, the Court will consider if there is

supplemental jurisdiction over the counterclaim as well as the third-party claims.

   The party who seeks to invoke federal jurisdiction, in this case the Roaches, bears the

burden of establishing that federal jurisdiction is proper. *United States v. Bustillos*, 31 F.3d 931,

933 (10th Cir. 1994).  Section §1367(a) states, in relevant part, that when "district courts have

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

---

[3]Sundance, Mussani, and Persempre further contend that although the Roaches maintain
in the Counterclaim that the federal Declaratory Judgment Act provides federal subject matter
jurisdiction for the Counterclaim, the federal Declaratory Judgment Act is not an independent
source of federal jurisdiction.  Because the Fifth Cause of Action does not seek declaratory
relief, the issue of whether the federal Declaratory Judgment Act provides federal jurisdiction for
the Fifth Cause of Action is irrelevant.

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  It is well-established that "[a] claim is part of the same case or controversy if it 'derive[s] from a common nucleus of operative fact.'" *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (internal quotations and citations omitted).  Section 1367(a) further states that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  A district court may decline to exercise supplemental jurisdiction under §1367(c)

> if–
>
>> (1) the claim raises a novel or complex issue of State law,
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Sundance, Mussani, and Persempre argue that the Fifth Cause of Action contains a permissive counterclaim and that because of the nature of a permissive counterclaim, the permissive counterclaim fails to share a common nucleus of operative fact with the Complaint. Consequently, Sundance, Mussani, and Persempre conclude that the Fifth Cause of Action is not part of the same case or controversy as the Complaint and that, therefore, there is no supplemental jurisdiction over the Fifth Cause of Action.  The Roaches, on the other hand, argue that the Fifth Cause of Action contains a compulsory counterclaim which necessarily shares a common nucleus of operative fact with the Complaint.  Moreover, the Roaches argue that even if the Fifth Cause of Action contains a permissive counterclaim, that permissive counterclaim

nonetheless shares a common nucleus of operative fact with the Complaint.[4]

Although the Tenth Circuit Court of Appeals has not decided if a compulsory/permissive counterclaim distinction is determinative of supplemental jurisdiction, most legal commentators as well as the First, Second, and Seventh Circuit Courts of Appeal have recognized that §1367(a) "gives federal courts supplemental jurisdiction over both compulsory and at least some permissive counterclaims." *Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 76 (1st Cir. 2010), *cert. denied*, 131 S. Ct. 1044 (2011). *See* The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, 6 *Federal Practice and Procedure Civil* §1414 (3d ed.) (current through 2010 update) (§1367(a) applies to compulsory counterclaims); The Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Richard D. Freer, Joan E. Steinman, Catherine T. Struve & Vikram David Amar, 13D *Federal Practice and Procedure* §3567.1 (3d ed.) (current through 2010 update) ("[C]ourts increasingly recognize that some permissive counterclaims can satisfy §1367(a)."). *See also Jones v. Ford Motor Co.*, 358 F.3d 205, 212-13 (2nd Cir. 2004) (§1367(a) does not require permissive counterclaims to have

---

[4]The Roaches also note that according to 1 Am. Jur.2d *Accounts and Accounting* §54 (database updated March 2011), the Court has "equitable jurisdiction" to hear the Fifth Cause of Action.  1 Am. Jur.2d *Accounts and Accounting* §54 states that "[a] court may assume jurisdiction for an accounting if there is some other basis for equitable jurisdiction, such as fraud, multiplicity of suits, and various other grounds ...."  Emphasis added.  The Roaches observe that since they seek the equitable remedy of an accounting and they have raised a fraud claim against Mussani, Persempre's alleged alter ego, in the Second Cause of Action of the Answer and Counterclaim, this Court has "equitable jurisdiction" over the Fifth Cause of Action.  This reasoning, however, is faulty because the Court has determined that it does not have federal jurisdiction over the Second Cause of Action.  Memorandum Opinion and Order (Doc. No.182), filed June 2, 2011.  Without jurisdiction over an independent claim, in this case a fraud claim, the Court cannot have federal jurisdiction over a mere equitable remedy.  *See Heimann v. Kinder-Morgan CO2 Co., L.P.*, 2006-NMCA-127 ¶20, 140 N.M. 552, *cert. denied*, 552 U.S. 1062 (2007) ("An accounting and an injunction are remedies only and do not constitute independent claims ....").

independent federal jurisdiction like federal question or diversity jurisdiction); *Rothman v. Emory University*, 123 F.3d 446, 454 (7th Cir. 1997) (§1367(a) "permits district courts to maintain supplemental jurisdiction over counterclaims, whether compulsory or permissive, so long as the counterclaims 'are so related to' the original claims that they form the same case or controversy."); *Crow v. Uintah Basin Electronic Telecommunications*, 2010 WL 5069852 *4 n.30 (D. Utah) (unpublished decision) (recognizing that Tenth Circuit has not decided if supplemental jurisdiction over a counterclaim depends on a compulsory/permissive distinction counterclaim and applying §1367(a) to counterclaims without relying on a compulsory/permissive counterclaim distinction);  *Wilhelm v. TLC Lawn Care, Inc.*, 2008 WL 640733 *1 (D. Kan.) (unpublished decision) (recognizing that "Tenth Circuit has not determined whether supplemental jurisdiction over counterclaims depends on the compulsory/permissive distinction" and noting that the parties do not make a compulsory/permissive counterclaim distinction in arguing the issue of supplemental jurisdiction). Under this legal principle, permissive counterclaims do not need an independent source of federal jurisdiction like federal question or diversity jurisdiction if, under the supplemental jurisdiction statute, the permissive counterclaims "are so related to claims in the action within such original jurisdiction that they

8

form part of the same case or controversy...."[5]  *See, e.g., Global NAPs, Inc.*, 603 F.3d at 76.
Furthermore, it is well-established that §1367(a) can provide supplemental jurisdiction over
third-party complaints.  The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane &
Richard L. Marcus, 6 *Federal Practice and Procedure Civil* §1444 (3d ed.) (current through
2010 update) (§1367(a) "would embrace both impleader claims and additional related claims
asserted by the third-party plaintiff against the third-party defendant."); *Williams*, 2006 WL
4061164 *7 ("Even when there is no independent grounds for federal jurisdiction over a third-
party complaint, however, a federal court might still have supplemental jurisdiction over the
third-party action that it may exercise at its discretion.").

        Having determined that a compulsory/permissive counterclaim distinction is irrelevant in
deciding if the Court has supplemental jurisdiction over the Fifth Cause of Action, the Court will
address whether the Fifth Cause of Action shares a common nucleus of operative fact with the
Complaint.  The Roaches argue that an accounting of Persempre will show how Mussani
directed and authorized Donna Roach to transfer Sundance assets to purchase properties for
Persempre and, ostensibly, for Mussani's personal use as Persempre's alter ego.  According to

---

        [5]Sundance and Mussani cite to *Williams v. Western Laundry Equipment LLC*, 2006 WL
4061164 *6 (D.N.M.) (unpublished decision) for the proposition that permissive counterclaims
require an independent basis for federal jurisdiction and that permissive counterclaims cannot,
therefore, provide a basis for supplemental jurisdiction.  In setting forth that proposition, the
Honorable United States District Court Judge James O. Browning relied on *NLRB ex rel. Int'l
Union of Elec., Radio, & Mach. Workers v. Dutch Boy, Inc.*, 606 F.2d 929, 932 (10th Cir. 1979).
The Tenth Circuit decided the *NLRB* case before the enactment of §1367(a) in 1990 and did not
take into account the inclusive language in §1367(a) that "the district courts shall have
supplemental jurisdiction over all other claims that are so related to claims in the action within
such original jurisdiction that they form part of the same case or controversy...."  Emphasis
added.  Hence, the proposition in *Williams* regarding the inapplicability of supplemental
jurisdiction to permissive counterclaims is not relevant to cases like this one which were brought
after the enactment of §1367(a).

the Roaches, the Fifth Cause of Action, therefore, shares a common nucleus of operative fact with the Complaint because the Fifth Cause of Action supports the Roaches' defense to the Complaint that Mussani authorized the Roaches to expend Sundance assets.

Here, the relevant evidence needed to support the Complaint would show that the Roaches essentially stole assets from Sundance, i.e., the Roaches were not authorized to expend the Sundance assets at issue in the Complaint.  The evidence relevant to the Fifth Cause of Action, however, would determine if Persempre, and presumably also Sundance and Mussani, failed to compensate Donna Roach for her work at Persempre.  In other words, the purpose of the Fifth Cause of Action's request for an accounting is to determine how much money Persempre, Sundance, and Mussani owe Donna Roach.  Whether Mussani authorized Donna Roach to use Sundance assets to purchase properties for Persempre is immaterial to the Fifth Cause of Action's underlying claim that Persempre, Sundance, and Mussani owe Donna Roach money for her Persempre work.  The alleged failure to pay Donna Roach simply does not arise out of Sundance's allegations in the Complaint that the Roaches did not have the authority to expend Sundance assets for their benefit or for the benefit of their family and friends.  Without a sufficient factual relationship with the Complaint, the Fifth Cause of Action does not share a common nucleus of operative fact with the Complaint.  Accordingly, the Roaches have failed to demonstrate that their allegations in the Fifth Cause of Action are "so related" to the Complaint "that they form part of the same case or controversy under Article III of the United States Constitution."   The Court, therefore, has no supplemental jurisdiction over the Fifth Cause of Action and that cause of action should be dismissed without prejudice.  Because the Court lacks subject matter jurisdiction over the Fifth Cause of Action, the Court cannot address the remaining arguments presented in the Motion to Dismiss.  *See, e.g., Mounkes v. Conklin*, 922

F.Supp. 1501, 1506 (D.Kan. 1996) (citation omitted) (if the Court lacks subject matter

jurisdiction, a Rule 12(b)(6) challenge becomes moot).

IT IS ORDERED that:

1.  Plaintiff Sundance Services, Inc. and Third-Party Defendants Mussani and Persempre

Investments, LLC's Motion to Dismiss Counterclaimants/Third-Party Plaintiffs Donna Roach

and Kelly Roach's Fifth Cause of Action for Lack of Subject Matter Jurisdiction, Failure to State

a Claim, and Violation of Federal Rule of Civil Procedure 14 (Doc. No. 122) is granted; and

2.  the Fifth Cause of Action of the Answer and Counterclaim will be dismissed without

prejudice for lack of federal subject matter jurisdiction.



_____

SENIOR UNITED STATES DISTRICT JUDGE